UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Shelly Toure and Tony Heard, *on behalf of themselves and others similarly situated*,

Plaintiffs,

v.

Navient Solutions, Inc.

Defendant.

Case No:

## CLASS ACTION COMPLAINT

### Nature of Action

1. Shelly Toure and Tony Heard ("Plaintiffs") bring this class action against Navient Solutions, Inc. ("Defendant") under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

### Jurisdiction and Venue

2. This Court has subject matter jurisdiction under 47 U.S.C. § 227(b)(3) and 28 U.S.C. § 1331.

3. Venue is proper before this Court under 28 U.S.C. § 1391(b) as parts of the acts and transactions giving rise to Plaintiffs' action occurred in this district, as Mr. Toure resides in this district, and as Defendant transacts business in this district.

### Parties

4. Ms. Toure is a natural person who at all relevant times resided East Moline, Illinois.

5. Mr. Heard is a natural person who at all relevant times resided in Stone Mountain, Georgia.

1

6. Defendant is a publicly traded U.S. corporation headquartered in Wilmington, Delaware.

**Factual Allegations (Ms. Toure)**

7. Sometime in 2016, Defendant began placing calls to (309) 428-XXXX—Ms. Toure's cellular telephone number.

8. On occasions that Ms. Toure answered Defendant's calls she was greeted with an artificial or pre-recorded voice.

9. On occasions that Ms. Toure spoke with Defendant, she informed it that she was not the individual for whom Defendant was calling when placing calls to her cellular telephone number, and that Defendant should stop placing calls to her cellular telephone number.

10. Defendant acknowledged Ms. Toure's statements that she was not the individual for whom it was calling when placing calls to her cellular telephone number, and that Defendant should stop placing calls to her cellular telephone number.

11. No matter, Defendant continued to place calls to Ms. Toure's cellular telephone number.

12. Upon information and good faith belief, and in light of the frequency, number, nature, and character of the calls, Defendant placed its calls to Ms. Toure's cellular telephone number by using an automatic telephone dialing system.

13. Upon information and good faith belief, Defendant placed its calls to Ms. Toure's cellular telephone number for non-emergency purposes.

14. Upon information and good faith belief, Defendant placed its calls to Ms. Toure's cellular telephone number voluntarily.

15. Upon information and good faith belief, Defendant placed its calls to Ms. Toure's cellular telephone number under its own free will.

16. Upon information and good faith belief, Defendant had knowledge that it was using an automatic telephone dialing system to place its calls to Ms. Toure's cellular telephone number.

17. Upon information and good faith belief, Defendant intended to use an automatic telephone dialing system to place its calls to Ms. Toure's cellular telephone number.

18. Ms. Toure is not, and was not at the time of Defendant's calls, delinquent on any student loan debt.

19. Ms. Toure did not give Defendant prior express consent to place the calls at issue to her cellular telephone number by using an automatic telephone dialing system.

20. Upon information and good faith belief, Defendant maintains business records that show all calls that it placed to Ms. Toure's cellular telephone number.

21. Ms. Toure suffered actual harm as a result Defendant's telephone calls to her cellular telephone number in that she suffered an invasion of her privacy, an intrusion into her life, and a private nuisance.

22. As well, Defendant's telephone calls to Ms. Toure's cellular telephone number depleted or consumed, directly or indirectly, Ms. Toure's cellular telephone minutes, for which she paid a third party.

23. Furthermore, Defendant's telephone calls to Ms. Toure's cellular telephone number unnecessarily tied up her cellular telephone line.

**Factual Allegations (Mr. Heard)**

24. In or around May 2016, Defendant began placing calls to (678) 365-XXXX—Mr. Heard's cellular telephone number.

25. Mr. Heard informed Defendant on multiple occasions that he was not "Shamela Arnold"[1]—the individual for whom Defendant was calling.

26. No matter, and despite that Mr. Heard specifically informed Defendant it was calling the wrong number and to stop calling, Defendant continued to place calls to Mr. Heard's cellular telephone number.

27. On multiple occasions Defendant used an artificial or prerecorded voice to place its calls to Mr. Heard's cellular telephone number.

28. Upon information and good faith belief, and in light of the frequency, number, nature, and character of the calls, Defendant placed its calls to Mr. Heard's cellular telephone number by using an automatic telephone dialing system.

29. Upon information and good faith belief, Defendant placed its calls to Mr. Heard's cellular telephone number for non-emergency purposes.

30. Upon information and good faith belief, Defendant placed its calls to Mr. Heard's cellular telephone number voluntarily.

31. Upon information and good faith belief, Defendant placed its calls to Mr. Heard's cellular telephone number under its own free will.

32. Upon information and good faith belief, Defendant had knowledge that it was using an automatic telephone dialing system to place its calls to Mr. Heard's cellular telephone number.

---

[1] Mr. Heard is not certain of the exact spelling of the name of the individual that Defendant intended to reach by placing calls to his cellular telephone number.

33. Upon information and good faith belief, Defendant intended to use an automatic telephone dialing system to place its calls to Mr. Heard's cellular telephone number.

34. Mr. Heard is not, and was not, one of Defendant's customers.

35. Mr. Heard does not owe, and did not owe, a debt arising from a federally backed student loan.

36. Mr. Heard does not have, and did not have, a business relationship with Defendant.

37. Mr. Heard did not provide Defendant with his cellular telephone number prior to the time it began placing the calls at issue to his cellular telephone number.

38. Mr. Heard did not give Defendant prior express consent to place calls to his cellular telephone number by using an automatic telephone dialing system.

39. Upon information and good faith belief, Defendant maintains business records that show all calls that it placed to Mr. Heard's cellular telephone number.

40. Mr. Heard suffered actual harm as a result Defendant's telephone calls to his cellular telephone number in that he suffered an invasion of his privacy, an intrusion into his life, and a private nuisance.

41. As well, Defendant's telephone calls to Mr. Heard's cellular telephone number depleted or consumed, directly or indirectly, Mr. Heard's cellular telephone minutes, for which he paid a third party.

42. Furthermore, Defendant's telephone calls to Mr. Heard's cellular telephone number unnecessarily tied up his cellular telephone line.

## Class Action Allegations

43. Plaintiffs bring this action under Federal Rule of Civil Procedure 23, and as representatives of the following class:

> Each person and entity throughout the United States (1) to whom Navient Solutions Inc. placed one or more telephone calls (2) directed to a number assigned to a cellular telephone service, (3) by using an automatic telephone dialing system, (4) after the person or entity informed Navient that it was calling the wrong telephone number, (5) between March 8, 2016 and August 23, 2016.

44. The proposed class specifically excludes the United States of America, the State of Illinois, counsel for the parties, the presiding United States District Court Judge, the Judges of the United States Court of Appeals for the Seventh Circuit, the Justices of the United States Supreme Court, any entity in which Defendant has or had a controlling interest, all officers and agents of Defendant, and all persons related to within the third degree of consanguinity or affection to any of the foregoing individuals.

45. Upon information and good faith belief, the members of Plaintiffs' proposed class are so numerous that joinder of all of them is impracticable.

46. The claims asserted by Plaintiffs and the members of their proposed class all originate from the same conduct on the part of Defendant—namely, its use of an automatic telephone dialing system to place calls to telephone numbers after being informed that the numbers to which it placed the calls were wrong numbers.

47. If brought and prosecuted individually, the claims of each member of Plaintiffs' proposed class would require proof of the same material and substantive facts, including Defendant's actions and whether the systems it uses to call consumers constitute an automatic telephone dialing system as defined by the TCPA.

48. Whether informing Defendant that it was calling the wrong number demonstrates a lack of consent to make a future autodialed calls to respective cellular telephone numbers is also a question common to all members of Plaintiffs' proposed class.

49. As well, there is a common injury among the members of Plaintiffs' proposed class

resulting from receipt of the violative telephone calls at issue.

50. Plaintiffs and the members of their proposed class suffered from a common practice employed by Defendant—its use of an automatic telephone dialing system to call cellular telephone numbers after being specifically informed that these cellular telephone numbers were wrong numbers.

51. Plaintiffs possess the same interests, assert identical claims, and seek identical relief on behalf of all members of their proposed class.

52. Plaintiffs are firmly committed to this case and will fairly and adequately protect the interests of the members of their proposed class.

53. Plaintiffs have retained counsel experienced and competent in class action litigation, including class action litigation under the TCPA.

54. Plaintiffs' counsel will vigorously pursue this matter, and will assert, protect, and otherwise represent the members of Plaintiffs' proposed class.

55. The principal legal issue underlying Plaintiffs' claims is whether Defendant's automated calls to the members of Plaintiffs' proposed class violated the TCPA.

56. Significantly, upon information and good faith belief, Defendant called many unique cellular telephone numbers, by using an automatic telephone dialing system, even though wrong number designations existed in Defendant's records with regard to the cellular telephone numbers it called.

57. Also important, if an individual tells one of Defendant's agents that Defendant is calling the wrong number, Defendant's policy dictates that it should not call that number again.

58. Furthermore, according to Defendant, a person's statement that Defendant reached a wrong number means that the person does not want to be called at that number.

59. Given, therefore, Defendant's acknowledgement that a person who informs it that it is calling the wrong number no longer consents to be called by Defendant, there are no individualized issues that will predominate over issues common to the members of Plaintiffs' proposed class.

60. No one member of Plaintiffs' proposed class has an interest in controlling the prosecution of the action because the claims of all members of Plaintiffs' proposed class are identical, as the allegations involve standardized conduct.

61. Moreover, alternatives to a class action are either no recourse for thousands of class members, or a multiplicity of suits resulting in inefficient administration of the litigation.

62. There are unlikely to be serious difficulties in the management of this case as a class action.

63. The class members are ascertainable in that Plaintiffs' proposed class definition is precise, defined by objective criteria, and not defined in terms of success on the merits.

64. Defendant has acted or refused to act on grounds generally applicable to the class members, making final declaratory or injunctive relief appropriate.

### Count I
### Violation of 47 U.S.C. § 227(b)(1)(a)(iii)

65. Plaintiffs repeat and re-allege each and every factual included in paragraphs 1-64.

66. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by using an automatic telephone dialing system to place non-emergency calls to Plaintiffs' cellular telephone numbers absent prior express consent to do so.

### Trial by Jury

67. Plaintiffs are entitled to, and hereby demand, a trial by jury.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a) Determining that this action is a proper class action;

b) Designating Plaintiffs as class representatives under Federal Rule of Civil Procedure 23;

c) Designating Plaintiffs' counsel as class counsel under Federal Rule of Civil Procedure 23;

d) Adjudging that Defendant violated 47 U.S.C. § 227(b)(1)(a)(iii);

e) Enjoining Defendant from continuing its violative behavior;

f) Awarding Plaintiffs and the proposed class damages under 47 U.S.C. § 227(b)(3)(B);

g) Awarding Plaintiffs and the proposed class treble damages under 47 U.S.C. § 227(b)(3);

h) Awarding Plaintiffs and the proposed class reasonable attorneys' fees, costs, and expenses under to Rule 23 of the Federal Rules of Civil Procedure;

i) Awarding Plaintiffs and the proposed class any pre-judgment and post-judgment interest as may be allowed under the law; and

j) Awarding such other and further relief as the court may deem just and proper.

Date: August 23, 2016	Respectfully Submitted,

/s/Aaron D. Radbil
Aaron D. Radbil
Greenwald Davidson Radbil PLLC
106 East Sixth Street, Suite 913
Austin, Texas 78701
Tel: (512) 322-3912
Fax: (512) 322-3912
aradbil@gdrlawfirm.com

Michael L. Greenwald*
James L. Davidson*
Greenwald Davidson Radbil PLLC
5550 Glades Road, Suite 500
Boca Raton, Florida 33431
Tel: (561) 826-5477
Fax: (561) 961-5684
mgreenwald@gdrlawfirm.com
jdavidson@gdrlawfirm.com

*To seek permission to appear *pro hac vice*